IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:22-CR-362-TCB |
| BRITTANY HUDSON | Under Seal |

## United States' Motion to Revoke Bond

The United States of America, by Ryan K. Buchanan, United States Attorney, and Stephen H. McClain and Norman L. Barnett, Assistant United States Attorneys for the Northern District of Georgia, files this Motion to Revoke Bond.

## Introduction

The Court should revoke defendant Brittany Hudson's release on bond and issue an order of detention. She has violated the conditions of her appearance bond by committing new crimes. The government learned two days ago that Hudson and her co-conspirator Kayricka Wortham recently lied to a franchising company, claiming that their criminal cases were dismissed, in an attempt to obtain a franchise for a hookah lounge in Midtown Atlanta. Hudson emailed fraudulent bank statements inflating her account balances to the franchising company as part of this latest scheme. Wortham went so far as to email the company a fake document purporting to be from this Court, including the signature of Judge Timothy C. Batten. Sr., and a purported nolle prosequi dismissal document, including the signature of AUSA Norman L. Barnett. The

fake court document included the Clerk of Court's name and the purported signature of a Deputy Clerk. This new fraudulent activity warrants Hudson's detention for the pendency of this case.

## Background

On September 29, 2022, Hudson waived indictment and was charged with conspiracy to commit wire fraud by way of criminal information. (Doc. 1.) Hudson owned a business that delivered packages to Amazon customers. (*Id.* at 2.) She was in a relationship with Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young, who was an Operations Manager at Amazon.com, Inc. (*Id.*) Wortham used her managerial position to open fake vendors in the Amazon system and submit false invoices, which she approved, to Amazon. (*Id.* at 3.) Conspiring with Hudson and others, Wortham submitted more than $10 million in fictitious invoices to Amazon, causing the company to pay about $9.4 million to bank accounts controlled by the conspirators. (*Id.*) Wortham and Hudson shared in millions of dollars of fraudulent proceeds, purchasing expensive real estate and luxury cars. (*Id.* at 5.)

At her initial appearance, with the parties' agreement, the Court issued a $5,000 appearance bond requiring Hudson to appear for court proceedings and to surrender for any sentence the Court may impose. (Doc. 4 at 1.) The bond also required that Hudson "shall not violate federal, state, or local laws." (*Id.*)

Hudson's case is pending with an application on file to participate in the ATL Court. *See United States v. Hudson*, No. 1:22-ax-0011-SDG-CMS (N.D. Ga.). For her part, Wortham pleaded guilty to a criminal information charging her with the

Amazon fraud conspiracy. *See United States v. Wortham*, No. 1:22-CR-0361-TCB (N.D. Ga.). Soon after her guilty plea, Wortham had an apparent falling out with her attorney, who filed a motion to withdraw. That motion was granted. Wortham then knowingly and voluntarily waived her right to counsel and began representing herself, with standby counsel appointed. Since taking the case in her own hands, Wortham has filed multiple frivolous documents of the "sovereign citizen" variety with the Court.

On January 24, 2023, the government learned that Wortham and Hudson have committed new fraud crimes while on bond. That day, counsel for Cru Franchising Company, LLC, contacted the U.S. Attorney's Office inquiring about Wortham and Hudson. Counsel explained that, on December 7, 2022, Wortham and Hudson had signed a franchise agreement with Cru to open two Cru hookah lounges. The two had made two payments, totaling over $150,000, for a location in Midtown Atlanta. But in completing her due diligence before closing the deal, Cru counsel located a press release, dated December 1, 2022, detailing the Amazon fraud crimes committed by Wortham and Hudson, charged in this case.

After reading the press release, Cru counsel contacted Wortham and Hudson to discuss the matter with them. On January 23, 2023, Cru counsel had a lengthy Zoom call with Wortham and Hudson. During that call, Wortham and Hudson falsely claimed that Demetrius Hines (who has also been charged and pleaded guilty as a co-conspirator in the Amazon scheme) was solely responsible for the crimes against Amazon and that they were not involved; that Wortham's case was getting nolle prossed and dismissed; and that Hudson's case was dropped,

sealed, and not moving forward because there was never enough evidence to prosecute her. Wortham and Hudson had a person who identified himself as Hines speak during the call, for him to confirm Wortham and Hudson's story that he was responsible and that Wortham and Hudson were not to blame for the Amazon fraud. Hudson stated that she could not send Cru counsel anything from her case showing the dismissal because the record was sealed.

But Wortham stated that she would email proof that her case had been dismissed. Later that night after the call, Wortham emailed Cru counsel and Cru's President. (*See* Ex. 1.) In the email, Wortham falsely claimed that the government "attempted to take me down for something I didn't do, honestly scared me enough to force me to plea originally and then had Demetrius come clean afterwards, but tried to still hold my assets as his restitution." (*Id.*) She further stated falsely that the government "tried to force me to sign an NDA in exchange for my assets back" when "they thought I would go public with the information," but that she "refused to sign their NDA." (*Id.*) She falsely concluded, "they gave me all of my stuff back to hide the fact that they were trying to bankroll my estate and they issued a dismissal in chambers and exemplified my copies so that I had something tangible to prove my innocence because they refuse to publicly take the loss after they destroyed my character and had the nerve to try a publicity stunt." (*Id.*)

As supposed proof of the dismissal, Wortham attached a document that looks like it came from this Court entitled "Exemplification Certificate." (*See* Ex. 2.) It includes the Court's name at the top and Kevin P. Weimer's name as the Clerk of

the Court, and contains a signature that purports to come from a Deputy Clerk of the Court. (*Id.* at 1.) It includes a January 10 date and signature for Judge Timothy C. Batten, Sr., resembling the Court's real signature. (*Id.*)  It is not clear if the signature is forged or copied from another document. The second page of the document has this case's caption and is entitled "Notice of Nolle Prosequi and Dismissal." (*Id.* at 2.) This fake document includes the signature for AUSA Norman L. Barnett, which also resembles his real signature. This document is file-stamped December 29, 2022, with a stamp that looks like it came from this Court. These documents are fraudulent, having never been issued in this case.

In investigating this incident, the government learned that, on January 22, 2023, Hudson emailed Cru purported financial information to support closing the franchise deal. (*See* Ex. 3.) That emailed attached fraudulent bank statements and personal financial statements. The Secret Service has confirmed that the two bank statements for Hudson are doctored. The PenFed Credit Union statement was altered to change the balance from $7,015.13 to $307,015.13, and the Wells Fargo statement was altered to change the balance from $3,499.47 to $203,499.47.

## Argument

Section 3148 of Title 18 provides that a person who has been released on bond, "and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). The government may initiate a proceeding for revocation of release by filing a motion. *Id.* § 3148(b). The Court "may issue a warrant for the arrest of a person charged with violating a condition of release." *Id.*

If, after a hearing, the Court finds that there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release" and either that the factors set forth in § 3142(g) support detention or that the person is unlikely to abide by conditions of release, the Court "shall enter an order of revocation and detention." *Id.* "If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id.*

Here, there is probable cause to believe that Hudson has committed new fraud offenses, including conspiracy, wire fraud, and aggravated identity theft, while on bond. Wortham and Hudson lied to Cru in an attempt to obtain a valuable hookah franchise, using emails and forged signatures of real individuals during and in relation to the fraud scheme. *See* 18 U.S.C. §§ 1349, 1343, 1028A. Hudson emailed fraudulent financial documents to Cru in furtherance of the scheme. Although perhaps not as brazen as the $10 million fraud against Amazon, Hudson's latest scheme is extraordinary for a multi-million-dollar fraudster on bond, attempting to dupe a franchising company through wild misrepresentations about the status of her case and forged documents that appear to come from the Court, the prosecution, and financial institutions. She has violated the law, continues to defraud others, and cannot be trusted on bond. The government respectfully requests that the Court issue a warrant for Hudson's arrest and revoke her release on bond.

**Conclusion**

For these reasons, the government respectfully requests that the Court issue an arrest warrant for defendant Brittany Hudson, revoke her bond, and order her detention. To ensure that Hudson does not flee or take further actions in violation of her bond, the government requests that the Court allow this filing to be sealed until Hudson learns of it through either her arrest or other action by the Court on this motion.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


/s/ STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186
(404) 581-6000


600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181