IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | NO. 1:22-cr-362-TCB |
| BRITTANY HUDSON, | |
| Defendant. | |

## O R D E R

This case comes before the Court on Magistrate Judge Regina D. Cannon's Non-Final Report and Recommendation (the "R&R") [165].

Regarding several motions filed by Defendant Brittany Hudson, Judge Cannon recommended that: motion [126] for immediate production of discovery be denied; motion [147] for notice of hearing on her motion to dismiss and motion [149] to correct docket be denied as moot; and motions [79] and [85] to dismiss be denied. Judge Cannon also ordered the Government to produce within thirty days of the filing of the R&R certificates of authenticity for all items seized from Hudson,

the complete NCIC report for Jamar James, Sr., and any documents related to Hudson's bond filed on the record.

Hudson has not filed objections to the R&R.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982) (en banc)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This standard of review differs from appellate review where findings of fact and conclusions of law are analyzed under different standards. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal

After conducting a complete and careful review of the R&R, the district judge may accept, reject, or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions.

Accordingly, the Court adopts the R&R [165] as its Order.

IT IS SO ORDERED this 15th day of May, 2025.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

---

under a "plain error standard" while questions of law always remain subject to de novo review).

3